
# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Dirk Stanley, § § *Plaintiff*, § § v. § § Larry Latchmepersad Sawh, § individually and d/b/a § Junior's Tire Shop and Larry's Resale, § § *Defendant*. § § | Civil Action No. H-13-3284 |

## ORDER

Pending before the court is plaintiff's motion to dismiss defendant's counterclaim. Dkt. 13. Defendant has not responded to the motion. After considering the counterclaim, motion, and applicable law, the court is of the opinion that the motion should be GRANTED.

## I. Background

Plaintiff Dirk Stanley was employed by defendant Larry Latchmepersad Sawh at defendant's tire shop. Dkt. 1. Plaintiff filed suit against defendant, alleging that defendant failed to pay him overtime compensation during his employment in violation of the Fair Labor Standards Act. *Id*. Defendant filed his original answer and asserted a counterclaim against plaintiff for malicious prosecution. Dkt. 12. In its entirety, defendant alleged that plaintiff's actions constitute "willful use of the legal process for a malicious purpose" and that plaintiff caused him "undue expense, including attorneys' fee and has had the effect of damaging Junior's Tire Stop and Larry's Resale viability as a business enterprise." *Id*. at 8.

Plaintiff moves to dismiss defendant's counterclaim, arguing that defendant failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiff claims defendant cannot establish all of the elements of malicious prosecution under Texas law because the current proceeding is still pending.

## II. Legal standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1958 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering Rule 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (supporting facts must be plausible enough to raise a reasonable expectation that plaintiff is entitled to relief). The pleading requirements under Rule 8(a) and the pleading standards established in *Twombly* apply to a "claim for relief," including plaintiff's claim or defendant's counterclaim.

*See* FED. R. CIV. P. 8(a); *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576–77 (5th Cir. 1996) (affirming a Rule 12(b)(6) dismissal of a counterclaim).

### III. ANALYSIS

Plaintiff seeks to dismiss defendant's counterclaim of malicious prosecution because defendant has failed to state a claim upon which relief can be granted. Specifically, defendant cannot show he is entitled to relief because this proceeding has not concluded. In his counterclaim, defendant alleges that plaintiff unjustifiably used the legal process to maliciously prosecute him. He claims plaintiff's action "constitutes willful use of the legal process for a malicious purpose" and "has cause undue expense, including attorneys' fee and has had the effect of damaging Junior's Tire Stop and Larry's Resale viability as a business enterprise." Dkt. 12 at 8. Defendant provides no further facts or allegations to support his claim.

Under Texas law,[1] to prove malicious prosecution, a defendant must prove the following six elements: 1) the institution or continuation of civil proceedings against defendant; 2) initiated by plaintiff; 3) with malice in the commencement of the proceedings; 4) which proceedings lacked probable cause; 5) terminating in defendant's favor; and 6) resulting in special damages. *Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 529 (5th Cir. 2004). Plaintiff argues that defendant cannot state a cause of action because the present proceedings have not yet been terminated, in favor of defendant or otherwise.

The court agrees with plaintiff's argument and finds that defendant's counterclaim for malicious prosecution is premature. The Texas Supreme Court has reasoned that allowing a

---

[1] The court can exercise its supplemental jurisdiction over the state law counterclaim asserted by defendant. 28 U.S.C. § 1367(a); *State Nat'l Ins. Co., Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004).

malicious prosecution claim, while litigation is still pending, would unnecessarily increase the cost of litigation because "it would allow the plaintiff to prosecute a claim only to have it rendered meaningless if later all or part of the appeal of the underlying action is decided adversely." *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 208 (Tex. 1996) (citation omitted).  Defendant cannot show he is entitled to relief for malicious prosecution because this case is still pending.  The court, therefore, finds defendant has not sufficiently stated a claim upon which relief can be granted, and plaintiff's motion to dismiss under Rule 12(b)(6) should be granted.

### III. CONCLUSION

Because the present litigation is not yet terminated, defendant's claim of malicious prosecution is not a viable cause of action at this time.  Accordingly, plaintiff's motion to dismiss (Dkt. 13) is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on September 17, 2014.

_____
Gray H. Miller
United States District Judge